Michael Yancey, III, NV #16158
**CONSUMER JUSTICE LAW FIRM**
2300 West Sahara Ave., Suite 800
Las Vegas, NV 89102
T: (480) 573-9272
F: (480) 613-7733
E: myancey@consumerjustice.com

*Attorney for Plaintiffs*
*Donald Weeks & Deborah Weeks*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| DONALD WEEKS; and DEBORAH WEEKS, <br><br> Plaintiffs, <br><br> v. <br><br> EQUIFAX INFORMATION SERVICES, LLC; and NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, <br><br> Defendants. | Case No.: 2:26-cv-00203-JCM-BNW <br><br><br> **STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER** <br><br> **[SUBMITTED IN COMPLIANCE WITH LR 26-1(b)]** |

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, Plaintiffs Donald Weeks and Deborah Weeks ("Plaintiffs") and Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper ("Mr. Cooper") (together, the "Parties")[1] hereby submit their Proposed Discovery Plan and Scheduling Order as follows:

**I.    Fed. R. Civ. P. 26(f) Conference:** Pursuant to Fed. R. Civ. P. 26(f) and LR 26-1(a), the Parties conferred on **April 6, 2026**. Michael Yancey, III on behalf of Plaintiffs Donald Weeks

_____

[1] Plaintiff and Defendant Equifax Information Services, LLC have reached a resolution in principle as to claims between them. *See* Docket No. 21 (Notice of Settlement).

1

and Deborah Weeks ("Plaintiffs"), and Holly E. Cheong on behalf of Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper ("Mr. Cooper") participated in the conference.

**II.    Initial Disclosures:** Pursuant to Fed. R. Civ. P. 26(a)(1), the Parties will make their initial disclosures on or before **April 20, 2026**.

**III.    Areas of Discovery:** Discovery should include, but not be limited to, all claims and defenses allowed pursuant to the Federal Rules of Civil Procedure.

**IV.    Discovery Plan:**

1.    **Discovery Cut-Off Date:** Pursuant to LR 26-1(b)(1), the Parties stipulate that discovery shall be completed no later than **September 14, 2026**, which is one hundred and eighty (180) days from the date Defendant Equifax answered. Equifax filed its Answer to the Complaint on March 17, 2026.

2.    **Amending the Pleadings and Adding Parties:** Pursuant to LR 26-1(b)(2), all motions to amend the pleadings or to add parties shall be filed no later than **June 16, 2026**, ninety (90) days before the discovery cut-off date.

3.    **Fed. R. Civ. P. 26(a)(2) Disclosures:** Pursuant to LR 26-1(b)(3), expert witness disclosures shall be made by **July 16, 2026**, which is more than sixty (60) days before the discovery cut-off date. Disclosures of rebuttal experts shall be made by **August 17, 2026**, which is thirty (30) days after the initial disclosure of experts. The requirements of Fed. R. Civ. P. 26(a)(2) shall apply to any such disclosures.

4.    **Dispositive Motions:** Pursuant to LR 26-1(b)(4), the Parties shall have until **October 14, 2026**, to file dispositive motions, thirty (30) days after the discovery cut-off. In the event the discovery cut-off is extended, the deadline for filing dispositive motions will automatically be extended thirty (30) days after the new discovery cut-off date.

5.    **Pretrial Order:** Pursuant to LR 26-1(b)(5), the Parties will prepare a joint pretrial order on or before **November 13, 2026**, which is more than thirty (30) days after the date set for filing dispositive motions in this case. This deadline will be suspended if dispositive motions are timely filed until thirty (30) days after the decision of the dispositive motion(s) or until further

order of the Court. The disclosures required by Fed. R. Civ. P. 26(a)(3) and objections thereto, shall be made in the pretrial order.

6. **Fed. R. Civ. P. 26(a)(3) Disclosures:** Pursuant to LR 26-1(b)(6), disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the joint pretrial order.

7. **Extensions or Modifications of the Discovery Plan and Scheduling Order:** LR 26-3 governs modifications or extensions of this discovery plan and scheduling order in addition satisfying the requirements of LR IA 6-1 be supported by a showing of good cause for the extension. Any stipulation or motion to extend a deadline set forth in the discovery plan and scheduling order must be made not later than twenty-one (21) days before the expiration of the subject deadline. Any stipulation or motion to extend the discovery cut-off period must be made no later than **August 24, 2026**, twenty-one (21) days before the discovery cut-off date. This discovery plan and scheduling order shall apply to such later-appearing parties, unless the Court, on motion and for good cause shown, orders otherwise.

V. **Court Conferences:** If the Court has questions regarding the Parties proposed dates, the Parties request a conference with the Court before entry of a Scheduling Order.

VI. **Alternative Dispute Resolution:** The Parties hereby certify that, pursuant to LR 26-1(b)(7), they met and conferred about the probability of using alternative dispute resolution processes including mediation, arbitration, and, if applicable, early neutral evaluation. The Parties do not believe formal alternative dispute resolution will assist the Parties at this time.

VII. **Alternative Forms of Case Disposition:** The Parties hereby certify that, pursuant to LR 26-1(b)(8), they considered consent to trial by a Magistrate Judge and use of the short trial program. The Parties do not consent to either at this time.

VIII. **Electronic Evidence:** The Parties hereby certify that they met and conferred about the use of electronic evidence pursuant to LR 26-1(b)(9). The Parties agree that service of discovery via electronic means, including electronic files copied to compact discs or sent via link, pursuant to Fed. R. Civ. 5(b), is sufficient, and the Parties retain the right to serve by mail and receive three

additional days for mailing provided for in Fed. R. Civ. P. 6(d). The Parties reserve the right to revisit this issue if a dispute or need arises. They anticipate presenting evidence in electronic format to jurors for the purpose of jury deliberations and will continue to meet and confer on this matter as necessary.

**IX.    Electronic Service:** The Parties agree that pursuant to Rules 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the email address(es) listed below (or any updated email address provided to all counsel of record). The Parties will treat documents electronically served as if by mail. The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means. The Parties anticipate that depositions, if any, will take place remotely via videoconference or as all parties, including the deponents, otherwise agree. The Parties will determine the manner of depositions based on the circumstances prevailing when the Parties confer to schedule depositions.

| PARTY | EMAIL SERVICE ADDRESSES |
|---|---|
| Plaintiffs Donald Weeks & Deborah Weeks | Michael Yancey (myancey@consumerjustice.com)<br><br>Levi Eidelman (leidelman@consumerjustice.com)<br><br>Sierra Stewart (sstewart@consumerjustice.com)<br><br>Lila Reyes (lreyes@consumerjustice.com) |
| Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper | Holly Cheong (holly.cheong@troutman.com) |

**X.    Protection of Privileged/Trial Preparation Material:** If a party discovers it has inadvertently disclosed privileged or trial preparation material, it agrees to notify the opposing party in writing within 14 days of the discovery that such document(s) have been disclosed, which written notification will set forth the basis for the claim that the items disclosed are privileged or trial preparation material. If the party receiving the disclosure agrees that the inadvertently

4

produced items are privileged or trial preparation material, it will return all such items to the producing party without the retention of any copies.

If the receiving party disputes that the items are privileged or trial preparation materials, it will **within 14 days** of written notification of the inadvertent disclosure, present the disputed items inadvertently disclosed to the court under seal for a decision with respect thereto (without the retention of copies), including with such submission the producing party's written notification and any statement the receiving party wishes to make in support of its position that the items are not privileged or trial preparation material. If the receiving party disclosed the inadvertently produced privileged or trial preparation materials before being notified of the inadvertent disclosure, it will take reasonable steps to retrieve the materials pending resolution of the matter.

Respectfully submitted this 13th day of April 2026.

/s/ Michael Yancey
Michael Yancey, III, NV #16158
**CONSUMER JUSTICE LAW FIRM**
2300 W. Sahara Avenue, Suite 800
Las Vegas, NV 89102
T: (480) 573-9272
F: (480) 613-7733
E: myancey@consumerjustice.com

Attorney for Plaintiffs
Donald Weeks & Deborah Weeks

/s/ Holly Cheong
Holly Cheong
**TROUTMAN PEPPER LOCKE LLP**
250 S. Grand Avenue, Suite 3400
Los Angeles, CA 90071
T: (213) 928-9800
E: holly.cheong@troutman.com

Counsel for Defendant Nationstar
Mortgage LLC d/b/a Mr. Cooper

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED:    April 14, 2026

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 13, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

**CONSUMER JUSTICE LAW FIRM**

By: */s/ Sierra M. Stewart*
Sierra M. Stewart