UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DONALD WEEKS and DEBORAH WEEKS,

              Plaintiff(s),

    v.

EQUIFAX INFORMATION SERVICES, LLC, et al.,

              Defendant(s).

Case No.2:26-CV-203  JCM (BNW)

ORDER

Presently before the court is defendant Nationstar Mortgage LLC ("Nationstar")'s motion to dismiss and request for judicial notice.  (ECF Nos. 18, 19).  Plaintiffs Deborah Weeks, Donald Weeks (collectively "plaintiffs") filed a response (ECF No. 20), to which Nationstar replied (ECF No. 22).

## I.  Background

Plaintiffs allege violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

On or about September 24, 2018, plaintiffs filed for Chapter 13 Bankruptcy.  (ECF No. 1 at 7).  On or about May 3, 2019, the bankruptcy court granted plaintiffs' motion to modify the rights of their second mortgage, which they held with Nationstar.  (*Id.*).  The court's order determined that the mortgage account had no equity in the underlying property and reclassified it as a general unsecured claim.  (*Id.*).  Plaintiffs received an order of discharge on or about January 4, 2024, relieving them of personal liability for their discardable debts.  (*Id.* at 8).

In or around August 28, 2025, plaintiffs obtained copies of ther credit reports to verify that their bankruptcy was being accurately reported. (*Id.*). They obtained an updated report on September 2, 2025. (*Id.*). Both reports listed the mortgage account with a status of "charge off." (*Id.*). Plaintiffs contend that this designation was inaccurate and/or materially misleading. (*Id.*).

Plaintiffs further allege, that apart from the Chapter 13 bankruptcy, they had no other delinquencies. (*Id.*). According to plaintiffs, the credit reports they pulled in August and September of 2025 did not reflect their bankruptcy, and the only negative item reported was the Nationstar account charge off. (*Id.* at 8–9). As a result of this allegedly inaccurate reporting, plaintiffs claim that creditors decided not to extend offers of credit they would have otherwise qualified for. (*Id.* at 10-11).

Plaintiffs allege that Nationstar breached several duties under the FCRA: its duty to furnish accurate information to consumer reporting agencies; its duty to promptly correct inaccurate information upon receiving notice of a credit dispute; and its duty, after a consumer reporting agency notifies it of a consumer's accuracy dispute, to conduct an investigation, review all relevant information, report the results to consumer reporting agencies, and—if the investigation reveals that the furnished information was incomplete or inaccurate—notify every consumer reporting agency that received the deficient information. (*Id.* at 15).

Nationstar now moves to dismiss the claims against it.

## II.     Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed

factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend

> itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and absent "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing party . . . futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court should grant leave to amend "even if no request to amend the pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

**III.     Discussion**

A.  Judicial Notice

As a preliminary matter, Nationstar asks the court to take judicial notice of two documents: a copy of a deed of trust and a copy of plaintiffs' bankruptcy petition, which was filed in the U.S. Bankruptcy Court for the District of Nevada.

A court may take judicial notice of documents incorporated by reference in a complaint, even if they are not attached provided that (1) "the complaint refers to the document," (2) "the document is central to the plaintiff's claims," and (3) "the authenticity of the document is undisputed." *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). Additionally, the court may take judicial notice of matters of public record, including publicly recorded documents. *See Interstate Nat. Gas Co. v. S. California Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953); *Hurst-Castl v. Long Term Cap. P'ship VI, LLC*, No. 2:24-CV-02334-GMN-MDC, 2025 WL 1266736, at \*4

(D. Nev. Apr. 30, 2025).

Judicial opinions, other court records, and matters of public record are all appropriate subjects for judicial notice. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001). More specifically, the court may judicially notice the existence of another court's decision— including the stated reasoning of the authoring court and the date of that decision—as well as other court filings made in the case, though not the facts recited in those decisions or filings. *Id.* Courts are particularly justified in taking judicial notice of related proceedings in another court, or even the same court, where those proceedings have a "direct relation to the matters at issue. *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo*, 971 F.2d 244, 248 (9th Cir. 1992).

The deed of trust is a document recorded with the Clark County Recorder's Office and, therefore, is a matter of public record. Additionally, the complaint refers to the document, albeit indirectly, when it refers to the second mortgage plaintiffs took out on their home (*see* ECF No. 1 at 7); the document is central to plaintiff's claim that the mortgage debt was discharged yet Nationstar still inaccurately reported it as charged off (*see id.* at 8); and the authenticity of the document has not been disputed. *Marder*, 450 F.3d at 448. Accordingly, the court takes judicial notice of the deed of trust.

Plaintiffs' bankruptcy petition is a court record that is also properly judicially noticed, especially since the authenticity and accuracy of the document does not appear to be subject to reasonable dispute.

Accordingly, Nationstar's request for judicial notice (ECF No. 19) is granted.

B.  FCRA Claim

Nationstar argues that plaintiffs' claims fail as a matter of law because they rely on the "faulty argument that 'reporting the Account at all, from September 25, 2025, and on, more than

- 5 -

seven (7) years after the date of filing of the Chapter 13 bankruptcy, was a violation of 15 U.S.C. 1681c(a).'"  (ECF No. 18 at 3) (quoting ECF No. 1 at ¶ 65).  This argument fails for several reasons.

First, plaintiffs are not alleging a violation of § 1681c(a).  Their claims arise exclusively under 15 U.S.C. § 1681s-2(b).  (*See* ECF No. 1 at 15–18).  These are fundamentally different statutory provisions directed at different parties.  Section 1681c governs what consumer reporting agencies may include in consumer reports; it does not impose duties on furnishers like Nationstar. *See* 15 U.S.C. § 1681c*; see also* 15 U.S.C. § 1681a(d)(3)(f) (defining the term "consumer reporting agency").

Second, plaintiffs allege that Nationstar failed to properly investigate plaintiff's disputes, failed to review all information if any investigation took place, and failed to delete and permanently block plaintiffs' account from being reported to CRAs—each an independent violation of § 1681s-2(b)(1)(A, B, and E).  (ECF No. 1 at 15–18).  These duties are mandatory and non-discretionary. The statute does not permit furnisher to decide whether a dispute is worth investigating, and nothing in the text of § 1681s2(b) creates an exception based on the age of the account.

Third, Nationstar's argument conflates the duration of reporting with the accuracy of reported information.  Plaintiffs do not allege that the information appeared in their report for too long.  They allege that the reported information was substantively inaccurate.  Specifically, Nationstar continued to furnish information to credit reporting agencies—including former defendant Equifax—reporting the mortgage debt as charged off, despite the debt having been discharged through plaintiffs' Chapter 13 bankruptcy.  (*See* ECF No. 1 at 10).  A charged off status implies an unpaid obligation the creditor wrote off as a loss, which is materially misleading when the debt has been eliminated by court order.

Accordingly, Nationstar's motion to dismiss is denied based on these grounds.

C.  Damages

Nationstar argues that dismissal is appropriate because plaintiffs cannot demonstrate damages, asserting that their claim—that inaccurate reporting caused them to lose credit opportunities—is too speculative.  The court disagrees.

FCRA violations are either negligent under 15 U.S.C. § 1681o or willful under 15 U.S.C. § 1681n.  A negligent violation requires showing that the defendant acted pursuant to an objectively unreasonable interpretation of the statute.  *Marino v. Ocwen Loan Servicing LLC*, 978 F.3d 669, 673 (9th Cir. 2020).  Negligent violations entitle a plaintiff to actual damages and reasonable costs and fees.  § 1681o.  Emotional distress is also recoverable in connection with negligent violations, even when a plaintiff has suffered no out-of-pocket losses.  *See Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995); *Xu v. Better Mortg. Corp.*, No. 23-CV-05510-NW, 2025 WL 3500722, at *4 (N.D. Cal. July 17, 2025).

By contrast, "[a] willful violation covers acts done knowingly or recklessly in disregard of the FCRA's requirements."  *Messano v. Experian Info. Sols., Inc.*, 251 F. Supp. 3d 1309, 1315–16 (N.D. Cal. 2017) (citing *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007)).  Willful noncompliance entitles a plaintiff to punitive damages, attorneys' fees and costs, and actual or statutory damages.  § 1681n.

Regardless of whether the violation is negligent or willful, a plaintiff need not prove that the defendant's actions were the sole cause of the harm, only that the defendant's reporting was a "substantial factor" in the loss.  *Robbins v. CitiMortgage, Inc.*, No. 16-CV-04732-LHK, 2017 WL 6513662, at *17 (N.D. Cal. Dec. 20, 2017).

. . .

Here, plaintiffs allege that Nationstar acted willfully and/or negligently (ECF No. 1 at 17), and that their damages include decreased creditworthiness, creditors declining to extend credit they would have otherwise qualified for, time and expense spent writing and mailing disputes, attorneys' fees for credit report review, weight gain, lost credit opportunities, dissuasion from seeking credit, and ongoing stress, anxiety, mental anguish, sleepless nights, and continuing emotional distress. (*Id.* at 10–11). To survive dismissal, plaintiffs must sufficiently plead that Nationstar's failure to investigate, delete, and permanently block their account from being reported was a substantial factor in their loss.

Nationstar contends that plaintiffs fail to allege "any facts supporting causation between the credit reporting they complain of and their purported damages." (ECF No. 18 at 4). The court is not persuaded. The fact that former defendant Equifax's alleged inaccurate reporting and plaintiffs' bankruptcy may have independently harmed their creditworthiness does not mean that Nationstar's actions could not have also contributed. The question of causation between Nationstar's allegedly unreasonable investigation and plaintiffs' creditworthiness is better suited for a factfinder and is premature to resolve on a motion to dismiss. *See Guimond*, 45 F.3d at 1333.

The court likewise rejects Nationstar's argument that plaintiffs have not sufficiently pled an injury because they do not allege being denied credit as a result of Nationstar's actions. (ECF No. 18 at 4). "[N]o case has held that a denial of credit is a prerequisite to recovery [of actual damages] under the FCRA." *Guimond*, 45 F.3d at 1333; *see also Martinez v. Am. Express Nat'l Bank*, No. CV218130DMGMAAX, 2022 WL 16571194, at *6 (C.D. Cal. Nov. 1, 2022*)* ("Actual damages may include emotional distress and humiliation under the FCRA; a plaintiff is not required to a show a denial of credit.") (citing *Guimond*, 45 F.3d at 1333). The court accordingly denies Nationstar's motion on this ground.

As to emotional distress, however, the court finds that these damages have not been sufficiently pled.  Conclusory allegations of emotional harm like those asserted here, without more, are insufficient to establish actual damage under the FCRA.  *See Evans v. Equifax Info. Servs., LLC*, No. 223CV00237MMDDJA, 2023 WL 4546429, at *4 (D. Nev. July 14, 2023) (collecting cases).  Nonetheless, because plaintiffs have adequately pled damages through other theories, the case may proceed on those grounds.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Nationstar's motion to dismiss (ECF No. 18) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Nationstar's request for judicial notice (ECF No. 19) be, and the same hereby is, GRANTED.

DATED April 20, 2026.

_____
UNITED STATE DISTRICT JUDGE